## Case No. 6,783.

HOWELL et al. v. TODD et al.[1]

Circuit Court, D. Connecticut. May 27, 1876.

NEGOTIABLE INSTRUMENTS — NOTE PAYABLE IN MERCHANDISE—UNCERTAIN AMOUNT—BANK-RUPTCY—FRAUDULENT PREFERENCES.

[1. A note which, during four of the five years it has to run, may, at the maker's option, be paid in buggies at wholesale prices, is not a negotiable instrument. Neither is a note which, in addition to interest, provides for the payment of taxes, the amount of which must necessarily remain uncertain until they are assessed and imposed by law.]

---

1 [Not previously reported.]

[2. Note and mortgage given to certain creditors to induce them to come into a composition on the footing of apparent equality with other creditors, create a fraudulent preference, and may be avoided by the assignee.]

[Appeal from the district court of the United States for the district of Connecticut.

[This was a suit by Alfred Todd and another, assignees in bankruptcy, against Theodore P. Howell and others, to set aside a note and mortgage as in fraud of the bankrupt law (14 Stat. 517). The district court rendered judgment for complainants, and defendants appealed.]

Mr. Alling, for appellants.
Mr. Baldwin, for respondents.

JOHNSON, Circuit Judge. If the paper signed by Newhall, and dated June 1st, 1868, is not a negotiable promissory note, then the appellants hold it subject to all the defences and infirmities which attached to its inception. There are two grounds, each of which appears conclusive against its being regarded as a negotiable promissory note. The first is that at the option of the maker it could, for four years of the five which it had to run, be paid in buggies of the manufacture of Newhall, at wholesale prices. In addition to the authorities referred to by the district judge, the case of Dinsmore v. Duncan, 57 N. Y. 576, reports the note, and cites cases in support of it, showing that when there is an alternative mode of payment, and the option is with the debtor, the instrument is not a negotiable promissory note. The second ground is that the amount to be paid is uncertain, for it provides for the payment, not only of interest which is certain, but also of taxes, the amount of which must necessarily be uncertain until they are assessed or imposed according to law. The instrument in question quite certainly is not a negotiable note. This question being decided against the appellants, there is little room to question the correctness of the judgment of the district court. Newhall's note and the mortgage to secure it were given fraudulently, both in fact and in law. They were the means whereby creditors who were induced to consent to a composition on the footing of equality were defrauded, being given by way of preference to the Chapmans. Doughty v. Savage, 28 Conn. 146. Thus they were induced to hold themselves out to the other creditors as coming into the compromise agreement on equal terms. That the security may be avoided by the assignee in bankruptcy is well settled. Bean v. Amswick [Case No. 1,167]. Those who were creditors of Marshall at the time of the composition, are still at liberty to prove their debts, for at the time of the commencement of the bankruptcy proceedings six years had not elapsed, and the statute of limitation did not then bar them. That period fixed the rights of the creditors in regard to the statute. In re Eldridge [Id. 4,331]. But the assignees could also maintain their bill as representing subsequent creditors, the note and mortgage having been fraudulent in fact. Merrill v. Meacham, 5 Day, 341; Norton v. Norton, 5 Cush. 524.

The decree of the district court must be affirmed with costs.